UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MUDASAR ASGHAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:25-cv-00306-JRS-MJD |
| | ) |
| BRISON SWEARINGEN, CLAY COUNTY, IN SHERIFF AND WARDEN, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |

**RETURN TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS PETITION**

The Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241 seeking immediate release from custody of the United States Immigration and Customs Enforcement ("ICE"). As a threshold matter, the petition must be denied because this Court lacks jurisdiction to grant the relief he seeks. The Petitioner entered the United States illegally and is the subject of a final order of removal. Pursuant to 8 U.S.C. § 1252(g), this Court lacks jurisdiction to hear any claim challenging that order. The fact that he has a pending application for a U visa and has been granted "Deferred Action" by the United States Citizenship and Immigration Services does not alter the legality of the removal order or ICE's ability to enforce it. The Petitioner received due process of law through his immigration proceedings and the Department of Homeland Security may, in its discretion, remove the Petitioner. Moreover, the Petitioner's detention is lawful and is not unreasonable as a matter of law.

Based on the foregoing, the Court must deny the Petition for Writ of Habeas Corpus.

**FACTUAL BACKGROUND**

The Petitioner Mudasar Asghar is a citizen of Pakistan who resides in the Chicago area. (Dkt. 1 ¶ 1.) He received a final order of removal in 2021, which he appealed to the Board of Immigration Appeals (BIA). (Dkt. 1 ¶ 3.) In his appeal, he argued that he should be entitled to asylum or protection because he feared persecution in his home country. (Ex. 1, Asghar Removal Proceedings at 26 (BIA decision).) The BIA affirmed the Immigration Judge's finding that Asghar and his wife were not credible and affirmed the Immigration Judge's decision denying his application for asylum and withholding of removal. (Ex. 1 at 30 (BIA decision).)

Asghar then appealed the BIA's decision to the Ninth Circuit Court of Appeals, which also affirmed the removal. (*Id.*; *see also* Ex. 1 at 3 (*Asghar v. Garland*, 2023 WL 3814035 (9th Cir. 2023).) The Ninth Circuit also denied the BIA's denial of asylum, withholding, and protection under the Convention Against Torture. (Ex. 1 at 4 (*Asghar v. Garland*, 2023 WL 3814035 (9th Cir. 2023).) Asghar filed a petition for panel rehearing, which was denied on September 12, 2023. (Ex. 1 at 1 (*Asghar v. Garland*, 2023 WL 5928492 (9th Cir. 2023).) He was released from ICE custody in July 2021, under an order of supervision, but remains subject to the final order of removal. (Dkt. 1 ¶ 4.)[1]

On June 3, 2025, the Petitioner was detained by ICE for removal. (Dkt 1 ¶ 8.) He was initially transferred to the Clay County, Indiana, jail, but is currently detained in the Federal Correctional Institution - Leavenworth, Kansas. www.bop.gov/inmateloc/ (visited July 31, 2025).

On December 20, 2023, the Petitioner filed a Form I-918 Petition for U Nonimmigrant

---

[1] The Petitioner was previously issued an administrative stay of removal from ICE, however, it has been revoked. Ex. 2, Revocation of Stay.

Status (U visa) with the United States Citizenship and Immigration Services. He received a bona fide U visa determination and Deferred Action with work authorization from US CIS. (Dkt. 1-1.) The Petitioner was notified, however, that "[t]his notice does not constitute valid U nonimmigrant status or employment authorization, and may not be used to demonstrate legal immigration or employment status." (Dkt. 1-1.)

## ARGUMENT

**A.     The Petitioner Is Subject to a Final Order of Removal So the Court Lacks Subject Matter Jurisdiction to Bar His Removal**

In his petition, Mr. Asghar seeks an order from the Court enjoying the Defendants from transferring him outside of the Southern District of Indiana. The petitioner was transferred from the Clay County Jail to Leavenworth, Kansas, prior to receiving notice of this petition.[2]

To the extent the Petitioner is seeking an order from the Court barring his removal, or barring ICE from taking any steps to carry out his removal, the Court lacks subject matter jurisdiction to issue such an order and must deny his petition on this alternative basis.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A petitioner may challenge a removal order in the Court of Appeals. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1252(g) strips all federal courts of jurisdiction over challenges to executive branch decisions to execute removal orders. *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021); *see also* 8 U.S.C. § 1252(g) ("'Except as provided in this section and notwithstanding any other provision of law ... including section 2241 of Title 28, or any other habeas corpus provision, ...

---

[2] To date, the Defendants have not yet been properly served with the summons and petition pursuant to Fed. R. Civ. P. 4.

no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Here, the Petitioner challenges ICE's decision and actions to execute his removal from the United States. The petition seeks his immediate release from custody, arguing that it is contrary to statute and violates his due process rights because US CIS granted him a Deferred Action pending the adjudication of his U-visa application. (Dkt. 1 at 20 (requesting order from the Court "ordering Respondents to release Petitioner immediately").) But as the Seventh Circuit has held and statute demands, challenges to decisions or actions to execute removal orders "are insulated from judicial review." *E.F.L.*, 986 F.3d at 964. *See also Perez v. Garland*, 2021 WL 5411522, *1 (S.D. Ind. March 18, 2021) (dismissing case for lack of subject matter jurisdiction where petitioner was detained and removal was imminent but petitioner was seeking permanent resident status); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) ("No matter how [Petitioner] frames it, his challenge is to the Attorney General's exercise of [her] discretion to execute [Petitioner's] removal order, which we have no jurisdiction to review.").

The Petitioner claims that his Deferred Action status bars ICE from acting on the removal order. Not so. Deferred action is an act of administrative convenience that gives some cases lower priority for removal. 8 C.F.R. § 274a.12(c)(14); USCIS Policy Manual, Vol. 3, Part C, Ch. 5. However, a grant of BFD deferred action is not synonymous with a stay of removal. *See Raghav v. Jaddou*, No. 2:25-cv-00408, 2025 WL 373638, at *2 (E.D. Cal. Feb. 3, 2025) ("Plaintiff obtaining a BFD in his favor would not prevent his removal"). Additionally, the Supreme Court has made it clear that "an agency's decision not to prosecute or enforce, whether

4

through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Further, this issue was explicitly addressed and rejected by the Seventh Circuit in *E.F.L. v. Prim*, 986 F.3d 959. In *E.F.L.*, the petitioner was a Mexican national who had lived in the United States for twenty years. After DHS discovered her undocumented presence in the country, it reinstated a prior removal order against her and scheduled her removal. *Id.* at 961. Meanwhile, she filed a self-petition under the Violence Against Women Act ("VAWA") with the US CIS, which was eventually granted. During the pendency, the petitioner filed a petition for writ of habeas corpus seeking an order enjoining ICE from removing her from the United States while her petition was pending. *Id.* at 962. The district court dismissed the petition and the Seventh Circuit affirmed, finding that it had no jurisdiction to entertain a challenge to DHS's decision to execute a removal order.

Specifically, the Seventh Circuit found that "Section 1252(g) precludes judicial review of 'any' challenge to 'the decision or action by [DHS] to ... execute removal orders.' That includes challenges to DHS's 'legal authority' to do so. Otherwise, § 1252(g) would be a paper tiger; any petitioner challenging the execution of a removal order could characterize his or her claim as an attack on DHS's 'legal authority' to execute the order and thereby avoid § 1252(g)'s bar." *Id.* at 965.[3]

---

[3] The Petitioner relies on *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir. 2000). *Fornalik* was decided well before *E.F.L.* Moreover, *Fornalik* was decided before Congress amended the REAL ID Act (Section 1252(g)) to clarify that the statute's proscription against jurisdiction does in fact apply to habeas and mandamus actions. *See* REAL ID Act of 2005, Pub. L. No. 109 13, 119 Stat. 231, 310 11 (amending 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, (statutory or nonstatutory), **including section 2241 of Title 28, or any other habeas corpus provision**, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or

Similarly here, although the Petitioner purports to be seeking only immediate release from custody, he is plainly challenging ICE's ability to actually effectuate his removal order by taking him into custody. The Court lacks jurisdiction over his claims. *See Ferreyra v. Nielsen*, No. 18-CV-1005, 2018 WL 4496330, at *2–3 (E.D. Wis. Sept. 18, 2018) (no jurisdiction over habeas corpus petition challenging detention due to removal order); *Nino v. Johnson*, No. 16-cv-2876, 2016 WL 6995563 (N.D. Ill. Nov. 30, 2016) ("'An alien cannot evade § 1252(g) by attempting to re-characterize a claim that, at its core, attacks the decision to execute a removal order.'"); *Albarran v. Wong*, 157 F.Supp.3d 779, 784–85 (N.D. Ill. 2016), *appeal dismissed* (7th Cir. Apr. 13, 2016) (the court lacked jurisdiction to hear challenges to discretionary denials of requests for stay of removal, rescission of reinstatement order, and release on order of supervision).[4]

The Petitioner also alleges in his petition that § 1252(g) "violates the Suspension Clause" of the United States Constitution. (Dkt. 1 ¶ 20.) The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Case of Rebellion or Invasion the public Safety may require it." U.S. Const., art. I, § 9, cl. 2. The Supreme Court has held, however, that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ

---

execute removal orders against any alien under this chapter.") (emphasis added).

[4] DHS' regulations support the Defendants' position. 8 C.F.R. § 214.14 (c)(1)(i) and (ii) provide that the filing of an I-918 has no effect on ICE's authority to carry out an order of removal. *Id.* ("An alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS. The filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order, . . ."). The regulations also make clear that U merits adjudications continue even if someone is out of the United States, *see* 8 C.F.R. § 214.14(c)(5)(i); USCIS Policy Manual, Volume 3, Part C, Ch. 5, section 7 (stating that although BFD EAD "is only for petitioners living in the United States, principal petitioners (and their qualifying family members) who live outside of the United States proceed directly to waiting list adjudication.")).

of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). Based on Petitioner's allegations here, the Suspension Clause is inapplicable to the extent the Petition challenges his removal, "[w]hich, in the end, is what this Petition is about." *Perez*, 2021 WL 5411522, *2.

Petitioner also alleges that his detention and removal violate the Administrative Procedure Act ("APA") but the APA is inapplicable to the extent that "statute preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). That is the case here. *Lalani v. Perryman*, 105 F.3d 334, 337 (7th Cir. 1997) ("[T]he APA is not a useful tool for aliens challenging immigration decisions."); *Perez*, 2021 WL 5411522, *2 (dismissing APA claim where is challenged removal).

Based on the foregoing, this Court lacks subject matter jurisdiction to grant the relief Petitioner seeks.

### A. The Petitioner's Detention Is Lawful

To the extent Petitioner is seeking an order or declaration that his detention is unlawful, this claim would also fail.

ICE's detention authority stems from 8 U.S.C. § 1231 which provides for the detention and removal of individuals with final orders of removal. Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days, which is known as the "removal period." During the removal period, ICE must detain the alien. 8 U.S.C. § 1231(a)(2) ("shall detain"). If the removal period expires, ICE can either release an individual pursuant to an Order of Supervision as directed by § 1231(a)(3) or may continue detention under § 1231(a)(6). ICE may continue detention beyond the removal period for three categories of individuals: (i) those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182; (ii) those who are subject to certain grounds of removability from the United

States pursuant to 8 U.S.C. § 1227; or (iii) those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6)(A).

Here, Petitioner is not outside of the 90-day mandatory removal period because he was detained on June 3, 2025. However, ICE still has discretionary, statutory authority to detain him to effectuate the removal order because he is currently inadmissible to enter the country.

Petitioner's claim that his detention is unreasonable or violates the Due Process Clause also lacks merit because he has been detained for less than six months. The Supreme Court set forth a framework to mount a Due Process challenge to post-final order detention in *Zadvydas v. Davis*, 533 U.S. 678 (2001). That framework provides that, while the government cannot indefinitely detain an individual before removal, detention for up to six months is "presumptively reasonable." *Id*. at 701.

Here again, the Petitioner was detained on June 3, 2025, so his Due Process challenge must fail. The Supreme Court has recognized that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). When evaluating "reasonableness" of detention, the touchstone is whether the detention continues to serve "the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. To set forth a Constitutional violation for § 1231 detention, an individual must satisfy the *Zadvydas* test. *See Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (explaining that "*Zadvydas*, largely, if not entirely forecloses due process challenges to § 1231 detention apart from the framework it established.").

In *Zadvydas*, the Supreme Court considered the government's ability to detain an alien subject to a final order of removal before the removal is effectuated. 533 U.S. at 699. The

Supreme Court held that the government cannot detain an alien "indefinitely" beyond the 90-day removal period, limiting "post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." 533 U.S. at 682, 689. The Court further held that a detention period of six months is "presumptively reasonable." *Id*. at 701. Then after this first six months, the burden is on the petitioner to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before the burden shifts back to the government to rebut that showing. *Id.* Courts routinely deny habeas petitions that are filed with less than six months of detention. *See, e.g., Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 335 (D. Mass. 2017) ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith,* No. CV 18-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (deeming habeas petition "premature at best" as it was filed after three months of post-final order detention); *Farah v. U.S. Att'y Gen.,* 12 F.4th 1312, 1332-33 (11th Cir. 2021) ("If after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under Zadvydas."), *overruled on other grounds by Santos-Zacaria v. Garland,* 598 U.S. 411, 419-23 & n.2 (2023).

  Here, Petitioner has not been held for more than six months. Second, he admits that he entered the United States without legal status, was subject to a final order of removal, and his appeals have been denied. For these reasons, his petition fails on the merits.

  Finally, as discussed above, any argument by the Petitioner that his removal will eradicate his U visa application is wrong. *See* 8 C.F.R. § 214.14(c)(5)(i). Many applicants apply for U visas outside of the United States and await adjudication in another country. If CIS

9

approves his U visa application, he will then have a lawful basis to enter the United States. His removal does not end the U visa process.

## CONCLUSION

Based on the foregoing, the Defendants request that the Court deny the Petitioner's Petition for Habeas Corpus for Lack of Subject Matter Jurisdiction.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:   */s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Shelese.Woods@usdoj.gov
Telephone No: (317) 226-6333
Fax No: (317) 226-6125

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on the ECF-registered counsel by operation of the Court's electronic filing system:

/s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204

11