UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MUDASAR ASGHAR, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-cv-00306-JRS-MJD |
| BRISON SWEARINGEN Clay County, IN Sheriff and Warden, Clay County Jail, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

**ORDER DISMISSING ACTION AS MOOT**

Mudasar Asghar's petition for a writ of habeas corpus challenges his detention by U.S. Immigration and Customs Enforcement. The core of his petition was that his detention was unconstitutional because his removal from the United States not significantly likely to occur in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

The government released Mr. Asghar from detention after the Court ordered it to supplement the record with any evidence that his removal was reasonably foreseeable. Dkts. 18, 19. Given his release, the Court ordered Mr. Asghar to show cause why the case should not be dismissed as moot. Dkt. 20.

A prisoner may petition for a writ of habeas corpus to seek immediate or speedier release from custody or release from one "level of custody" to another. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). By contrast, a prisoner challenging conditions of confinement or seeking movement to a different location must file a civil rights lawsuit, not a habeas petition. *Id.* As a result, when the petitioner is released from custody, the claim implicating the Court's habeas corpus jurisdiction becomes moot.

Mr. Asghar argues that the Court should grant his petition because the government only released him after the Court intervened. Dkt. 21 at 2. This is not an argument against mootness per se, but it aptly illustrates why the matter is moot. The Court cannot issue a writ of habeas corpus except in limited circumstances, the only pertinent one being that the petitioner is "in custody" in violation of the Constitution and laws of the United States. 28 U.S.C. § 2241(c)(3). The Court cannot grant a petition to release Mr. Asghar from unlawful custody because he has already been released.

Mr. Asghar argues that the Court must also issue declaratory relief because, without it, government may simply redetain him. Dkt. 21 at 2. But that would be true even if the Court ordered Mr. Asghar released from detention or issued a declaration that his detention was unlawful. As the Court discussed at length in its previous order, dkt. 18, Mr. Asghar is subject to a final removal order, and the government may detain him for the purpose of removing him from the United States. Any future detention must be justified by reasonably foreseeable removal, but no declaratory relief would bear on the legality of future detention.

Mr. Asghar asserts that the case is not moot because he remains "in custody," subject to an order of supervision, under conditions he deems restrictive. Dkt. 21 at 2–3. Again, his argument illustrates why the Court no longer has jurisdiction over the case. Mr. Asghar concedes that he must be subject to an order of supervision and was subject to an order of supervision before his most recent detention. To the extent his supervision qualifies as custody for purposes of § 2241(c)(3), he does not challenge the fact or duration of his custody. Rather, he challenges the conditions of his confinement, and such challenges may not proceed in a habeas case. *Bunn*, 309 F.3d at 1007.

More specifically, Mr. Asghar notes that the government has not returned identification cards that are essential for him to travel or work. There are, no doubt, avenues for him to litigate the return of those items if litigation is necessary. Habeas corpus is not one of them. Mr. Asghars's inability to access those items does not place him in custody.

This matter is **dismissed without prejudice** for **lack of jurisdiction**. The Court **accepts** the parties' stipulated dismissal of Respondent Brison Swearingen, dkt. [23]. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 12/29/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kristen Elizabeth Coffey
Panyard Holton Immigration LLC
kristen@panyardholtonimmigration.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov